UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

    Plaintiff,

v.

                                    Case No.
                                    Hon. Terrence G. Berg

OMAR RASHARD POUNCY,

    Defendant.

_____/

## DEFENDANT'S MOTION TO DISQUALIFY THE HONORABLE TERRENCE G. BERG[1]

### *Motion*

**NOW COMES** Defendant **OMAR RASHAD POUNCY** ("Defendant"); *in propria persona*, and respectfully moves the Honorable Terrence G. Berg, to disqualify himself from having jurisdiction over the above captioned cause[2]—pursuant to the Due Process Clause. *See, e.g., Caperton v. A.T.*

---

[1] It is critical to highlight two (2) things. A similar motion was filed with Judge Shalina D. Kumar (the original presiding judge), and she granted recusal. (*See* ECF # 200). At a hearing on May 7, 2025 (before the currently presiding Judge Behm), the Government announced on the record that it does ***not*** oppose the relief requested by Defendant.

[2] This Court is one, no matter how many different judges there are within this district. Although this case is currently assigned to Judge Behm, every non-disqualified Judge of this Court has the jurisdiction over this matter. *Cf. De*

*Massey Cool Co.*, 556 U.S. 868, 876 (2009); ("It is axiomatic that '[a] fair trial in a fair tribunal is a basic requirement of due process.'") (quoting *In re Murchison,* 349 U.S. 133, 136 (1955) (alteration in original)).[3]

## *BRIEF IN SUPPORT*

The circumstances surrounding the initiation of this federal criminal prosecution demands the disqualification of Your Honor. Disqualification is warranted because it was this Court who served as the complaining witness and who ultimately made the referral for Defendant to be investigated and prosecuted by the Government. *See Pouncy v. Macauley,* 546 F. Supp. 3d 565, 577-578 (E.D. Mich. 2021) (highlighting that it was this "Court [that] referred the matter to the United States Attorney for the Eastern District of Michigan so that that office could review the circumstances described in Respondent's motion, determine whether to launch an investigation, and decide whether to seek federal criminal charges against Pouncy and others.") (footnote

---

*Windt Corp. v Scottsdale Ins. Co.,* 110 F. Supp. 2d 700, 701-702 (N. D. Ill 2000) ("all judges of the court share jurisdiction over cases properly before the" presiding court).

[3] It is clearly established "that 'judges commonly disqualify themselves when their fellow judge in their district is a party to a legal proceeding.'" *Hogan v. Coggins,* 77 F. Supp. 2d 776, 783 (N.D. Tex., 1999) (quoting *United States v. Singer,* 575 F. Supp. 63, 68 (D. Minn. 1983)). At a bare minimum, Judge Leitman is a party to these legal proceedings because he serves as the complaining witness.

10

omitted).

In 2013, after exhausting his state court remedies Defendant turned to this Court seeking habeas relief pursuant to 28 U.S.C. § 2254. *See Pouncy*, 546 F. Supp. 3d at 575 ("In 2013, Pouncy filed a petition for a writ of habeas corpus and an amended habeas petition in this Court."). *Inter alia*, "counsel for Pouncy contended that Pouncy was actually innocent of the crimes for which he was convicted." *See id.* at 576. In his pursuit of habeas relief from this Court, Defendant presented "a man named Jaakawa McGruder [who] had signed an affidavit claiming responsibility for the crimes that Pouncy was convicted of committing." *See ibid.* In light of McGruder's affidavit, this "Court decided to hold an evidentiary hearing on the actual innocence question[.]" *See ibid.* At the evidentiary hearing McGruder testified "that he committed all three of the carjackings for which Pouncy was convicted and that Pouncy did not commit any of the carjackings ... . He also explained in some detail how each carjacking was committed." *See ibid.*

In this Court's opinion: "After the evidentiary hearing, Respondent discovered substantial evidence suggesting that Pouncy had conspired with McGruder to present perjured testimony during the evidentiary hearing." *See id.* at 577 (detailing all of the evidence that supposedly painted the picture of bribery and perjury). After being exposed to the evidence and

personally concluding that it qualified as "substantial evidence" of Defendant committing a crime, this is when this Court (through United States District Court Judge Matthew F. Leitman of the Eastern District of Michigan) personally got in contact with the United States Attorney for the Eastern District of Michigan and sought the investigation and prosecution of Defendant and others. *See id.* at 577-578. It is important that Judge Leitman did not seek to have Defendant investigated and prosecuted in the capacity of Judge Leitman being a citizen, but the referral for investigation and prosecution was made in the capacity of Judge Leitman being a representative of "the Court," *i.e.*, the United States District Court for the Eastern District of Michigan. Moreover, although it was the Michigan Attorney General's Office that presented the evidence supposedly showing that Defendant allegedly conspired to present perjury (and who had the power to investigate and prosecute Defendant), this Court went over the head of the Michigan Attorney General Office's and instead asked the United States Attorney for the Eastern District of Michigan to investigate and prosecute Defendant.

Discovery materials released in this case shows that this Court was interviewed during the course of the investigation and the Court provided

incriminating evidence to the Government against Defendant,[4] which ultimately led to Defendant being indicted. Once indicted the same Court who made the referral for investigation and prosecution has been presiding over the criminal prosecution. At a minimum this presents a set of circumstances "too high to be constitutionally tolerable." *See Caperton*, 556 U.S. at 872. Because it was this Court who made the "rare" referral against a litigant to be criminally investigated and prosecuted, this Court must disqualify itself from presiding over this case and see that the case is randomly assigned to an out-of-district judge.

This Court has found the disqualification of all judges of the Court warranted in less constitutionally questionable circumstances. *See, e.g., Simmons v. Winn,* 361 F. Supp. 3d 719, 729 (E.D. Mich. 2019); ("In August 2018, following the recusal of Judge Lawson and all Judge of this District, Chief Judge Cole appointed [Judge James G. Carr] to sit by designation and adjudicate this case."). Likewise, the Sixth Circuit has deemed the disqualification of all judges of the Court warranted. *See, e.g., Nashville v. Haslam,* 769 F.3d 434, 442 n. 17 (6th Cir. 2014); ("All judges of the Sixth

---

[4] *See* ECF #212-3, Pg. ID 1392 ("To assist in this matter, Judge Leitman provided a copy of the 6th Circuit Court of Appeals ruling relating to Pouncy's case, a copy of the transcript of the May 22, 2018 evidentiary hearing, and a copy of the State of Michigan's motion to dismiss with prejudice.").

Circuit have recused themselves in this appeal, and this panel of judges from other circuits is therefore sitting by designation.").

Various courts from all across the country have found the disqualification of all judges necessary. *See, e.g., Lebron Diaz v. General Sec. Services Corp.*, 93 F.Supp. 2d 129, 131 (D. P.R. 2000) ("This case was originally assigned to Judge Perez-Gimenez. However, because the case involved plaintiff charged with protecting the very judicial officer assigned to decide the case, the judge understandably recused himself. All judges of the District of Puerto Rico subsequently recused themselvesfor the same reason, and a visiting judge was requested through the First Circuit to hear the case."); *Northwest Bypass v. U.S. Army Corps of Engineers*, 470 F. Supp. 2d 30, 36 n. 9 (D. N.H. 2007) ("all judges of the District of New Hampshire were recused"); *Lifespan Corp v. New England Med. Ctr., Inc.*, 731 F. Supp. 2d 232, 237 (D. R.I. 2010) ("all of the judges in the District of Rhode Island recused themselves."); *Atlas Data Privacy Corp. v. WE Inform, LLC*, # 24-10600, at *4 (D. N.J. Nov. 26, 2024) ("All of the judges of the District of New Jersey recused themselves."); *Mullane v. United States Dep't of Justice*, # 22-725, at *6 n. 4 (D. D.C. Jul. 10, 2024) ("all of the judges on the Southern District [of Florida] recused themselves from presiding over the case"); *United States v. Singer*, 575 F. Supp. 63, 68 (D. Minn. 1983) ("the

court is persuaded that the public perception of a fair and impartial judicial system would be enhanced if a judge from outside this district were to decide these issues."); *Delashmutt v. Lisi*, # 15-cv-372-JD, at *1 (D. R.I. Oct. 15, 2015) ("all of the judges in the District of Rhode Island were recused"); *Martinez v. Winner*, 778 F.2d 553, 555 n. 1 (10th Cir. 1985) ("The active circuit judges of this court have determined that they should, and do hereby, recuse themselves"); *United States v. Isaacs*, 493 F.2d 1124, 1168 (7th Cir. 1974) ("all the then active judges of the Seventh Circuit ... recused themselves."); *Bryant v. O'Connor*, 848 F.2d 1064, 1066 (10th Cir. 1988) ("After holding a meeting on August 16, 1985, all of the judges of the district except Chief Judge O'Connor recused themselves. Chief Judge O'Connor entered a separate order disqualifying himself."); *Trombley v. Bank of America Corp.*, 636 F. Supp. 2d 151, 153 (D. R.I. 2009) ("all of the judges in the District of Rhode Island recused themselves from participating in the case"); *United States v. Ross*, 990 F.2d 1264 (9th Cir. 1993) ("all of the judges in the Southern District recused themselves because their colleages were potential witnesses."); *Mandanici v. Starr*, 99 F. Supp. 2d 1019, 1020 (E.D. Ark. 2000) ("all of the judges of the Eastern District of Arkansas in recusing themselves."); *Lyman v. San Juan Cnty.*, No. 14-4003, at *5 (10th Cir. Oct. 17, 2014) ("all of the judges in the District of Utah recused."); *Evancho v. Fisher*,

10

423 F.3d 347, 349 (3d Cir. 2005); ("all of the judges on the First Circuit are recused."); *Rodriquez v. United States*, 1:10-cv-23718-WKW [WO] (S.D. Fla. Aug. 4, 2011) ("all of the judges of the Southern District of Florida have recused themselves."); *Strickland v. United States*, # 21-1346, at *45 (4th Cir. Apr. 26, 2022); ("all of the judges in the United States District Court for the Western District of North Carolina recused themselves."); *Egervary v. Young*, 366 F.3d 238, (3d Cir. 2004) ("all of the judges in the Middle District recused themselves"); *United States v. Broussard*, # 2:11-cr- 299, at *3 n. 3 (E.D. La. Jul. 11, 2014) (highlighting "the recusal of all the judges of the Eastern District of Louisiana.").

Since this Court was the one who referred the matter to the Government for investigation and prosecution, Defendant intends to subpoena this Court, *i.e.,* every judicial officer of United States District Court for the Eastern District of Michigan, as a witness. Practically, every business day Judges of this district (and the Government) suspect that individuals who have appeared within this jurisdiction to have had lied under oath, *i.e.,* committed perjury, rather it be government witnesses, defense witnesses, or defendants themselves. But Defendant has not been able to find another case where any Judge of this District has done what Judge Leitman did, serve as the complaining witness and refer a litigant and/or witness(es) to the United States Attorney's Office for

10

investigation and prosecution, based on suspected perjury. In order to show that he is being prosecuted by the Government only to curry favor from this Court (who made the referral for investigation and prosecution), Defendant intends to subpoena Your Honor (and every other District Court Judge of this Court) to testify that Your Honor has suspected witnesses and/or litigants to have committed (and/or suborned) perjury before during judicial proceedings, but no referral for investigation and prosecution was ever made to the Government.

The circumstances in this case demand the recusal of this Court. Although this Court is a multi-judge district, each and every judicial officer of this Court represents "the Court" and Defendant believes that there is no way he can receive a fair trial before any member of this Court. There is no such thing as sub-districts or sub-courts. The United States District Court for the Eastern District of Michigan made the referral for investigation and prosecution and this prohibits Your Honor from presiding over the criminal prosecution.

## RELIEF REQUESTED

**WHEREFORE**, for the foregoing reasons, Defendant prays that this Honorable Court **GRANT** his motion to disqualify the Court.

Respectfully submitted,

/s/ Omar Rashad Pouncy
Omar Rashad Pouncy
# 110715
Isabella County Jail
5270 East Remus Rd.
Mt. Pleasant, MI 48858

Date: June 6, 2025

## CERTIFICATE OF SERVICE

I hereby certify that on June 6, 2025, the foregoing document was emailed to the Case Manager of the United States District Court Judge named above.

/s/ Omar Rashad Pouncy
Omar Rashad Pouncy
# 110715
Isabella County Jail
5270 East Remus Rd.
Mt. Pleasant, MI 48858